IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Lynda Diane Baydin
Law Office of Lynda Diane Baydin
7 Cedar Hill Drive
Morristown, N.J. 07960
Telephone (973) 267-7758
Facsimile (973) 267-8994
*Attorney for Plaintiff Peter Murphy*

Maurice Harmon
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
Telephone (610) 262-9288
*Of Counsel*

| | |
|---|---|
| PETER MURPHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| ) | |
| MILLENNIUM RADIO GROUP LLC, ) | |
| CRAIG CARTON and RAY ROSSI, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, VIOLATIONS OF THE
DIGITAL MILLENNIUM COPYRIGHT ACT AND DEFAMATION**
(jury trial demanded)

Plaintiff Peter Murphy ("Plaintiff" or "Murphy") for his Complaint against Defendants

Millennium Radio Group LLC ("Millennium"), Craig Carton ("Carton") and Ray Rossi

("Rossi") (jointly and severally referred to as "Defendants") alleges:

## STATEMENT OF ACTION

1. This is an action by Murphy, holder of all copyrights to a photograph described hereafter, against Defendants for copyright infringement, violations of the Digital Millennium Copyright Act, and defamation.

## PARTIES

2. Peter Murphy is a United States citizen and well-regarded professional magazine photographer who resides at 20 Main Street, P.O. Box 475, Annandale, New Jersey.

3. Millennium Radio Group, LLC, is a limited liability corporation duly organized under the laws of New Jersey, with a principal place of business at 109 Walters Avenue, Trenton, New Jersey.  Millennium is the owner and operator of WKXW 101.5 FM ("WKXW"), located in or near Trenton, New Jersey, broadcasting with a news/talk radio program format.  Millennium was the owner and operator of WKXW at all times pertinent to the allegations in this complaint.

4. Craig Carton is a natural person who, upon information and belief, resides at 223 Clearview Avenue, Huntingdon Valley, Pennsylvania.  He was formerly employed by Millennium and worked as a talk show host for WKXW at all times pertinent to the allegations in this complaint.

5. Ray Rossi is a natural person who, upon information and belief, resides at 343 Woodmere Avenue, Neptune, New Jersey and is currently employed by Millennium as a talk show host for WKXW.  Rossi was employed by Millennium at all times pertinent to the allegations in this complaint.

## JURISDICTION AND VENUE

6. This is an action arising under the copyright laws of the United States, 17 U.S.C. § 101 *et. seq.;* the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201 *et. seq.*; and New Jersey common law. Plaintiff seeks injunctive relief, monetary damages, statutory damages, punitive damages, interest, costs and attorney's fees under the copyright laws of the United States and New Jersey law.

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for the claims brought under New Jersey common law.

8. Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a).

## FACTS COMMON TO ALL COUNTS

9. Plaintiff Murphy is an accomplished professional photographer who resides in New Jersey. He is the owner, creator and exclusive copyright holder of an original color photograph ("the photograph") (copy attached as exhibit 1), duly registered with the United States Copyright Office, #VA 1-425-173.

10. Murphy created the photograph while working as an independent contractor on assignment for NEW JERSEY MONTHLY MAGAZINE ("NEW JERSEY MONTHLY"). The photograph appeared in the March 2006 edition of NEW JERSEY MONTHLY, included in a short written feature on Defendants Carton and Rossi and their work as "shock jocks" at WKXW (copy of article attached as exhibit 2). The photograph, as it appeared in the magazine, clearly and repeatedly credited and identified Murphy as the creator of the photograph. NEW JERSEY MONTHLY paid Murphy for a

one-time, non-exclusive license to use the photograph in its March 2006 edition. However, he retained all rights to the photograph and did not grant permission or authority for its use by, or transfer to, any other person or business entity.

11. Defendants Carton and Rossi continued their employment with Millennium through the remainder of 2006 and into 2007. Their WKXW afternoon talk show was popular and reached a large New Jersey listening audience.

12. Upon information and belief, Defendants obtained an unauthorized copy of the photograph some time prior to May 2007 and posted it on the Internet website for WKXW, located at http://www.nj1015.com. Millennium is the current registrant for the website and is believed to have been the registrant at the time these events occurred. The photograph appeared on the website (copy attached as Exhibit 3) in the same or substantially same way that it had in NEW JERSEY MONTHLY, but with no information identifying Murphy as the creator. As a means to make this unauthorized copy, Defendants would have had access to the photograph in NEW JERSEY MONTHLY magazine or its online edition. None of the Defendants sought permission from Murphy before copying or after posting the photograph on the WKXW website or otherwise informed him of the use. Upon information and belief, posting of the photograph on the station website would have required the assistance of one or more other Millennium employees. The photograph, with the same or similar appearance, was also posted on the Internet website for "myspacetv.com" in May 2007 containing material dedicated to Defendants Carton and Rossi WKXW program (copies of webpage attached as exhibits 4 and 5). The posting of the photograph on myspacetv.com was also accomplished without Murphy's permission, authority or knowledge, and without

Murphy's copyright attribution. Such information is considered "copyright management information" under the DMCA and intentional removal of it constitutes a violation of the DMCA.

13. Upon information and belief, the photograph remained posted on the WKXW website for more than a year, along with an invitation from the Defendants for viewers to "photoshop" the photograph by downloading it, altering it in supposedly humorous ways, and then resubmitting the altered image for posting to the WKXW website.

14. Upon information and belief, approximately twenty-six (26) such altered images of the photograph were posted in a derivative work display (copies of images attached as exhibits 6, 7 and 8) on the WKXW website. The only identifying information appearing on the altered images pertained to the viewer who had altered the image, as encouraged and facilitated by the Defendants. Upon information and belief, Millennium had one or more employees at the station or corporate office level who monitored and supervised the WKXW website content and had authority to order removal of questionable material appearing on it. As owner and operator of WKXW, Millennium had a direct financial interest in the commercial and promotional activities of WKXW. Posting the photograph without Murphy's identifying information enabled Defendants to conceal their infringing use of the photograph on the WKXW website and the myspacetv.com website.

15. After fortuitously learning of the unauthorized uses of his photograph on the WKXW website, Murphy had his attorney write a letter to the WKXW demanding that Defendants cease further copyright infringement and pay compensation for the unauthorized use of Murphy's image.

16.     A short time later, while acting within the scope of their employment with Millennium and broadcasting live during an afternoon show, Carton and Rossi discussed the letter from Murphy's attorney.  Listeners to the broadcast have since described it.  The tenor of Carton and Rossi's remarks was combative and soon devolved into a personal attack upon Murphy and his good name and reputation in his business, trade and profession.  For approximately 45 minutes of the live broadcast, they made continued vituperative, false statements about Murphy.  Listeners heard them impugn Murphy's personal integrity and repeatedly characterize him in a factual way as " a man not to be trusted" in a business environment; a man who "will sue you" if you have business dealings with him and, in substance, as a man with whom "a person should avoid doing business."  Carton and Rossi also discussed the manner in which Murphy had them pose for the photograph and derogatorily inferred Plaintiff was a homosexual.  Defendants Carton and Rossi communicated these statements with malice, knowing they were false, or with reckless disregard for their truth, having failed to ascertain the truth or falsity of such statements before making them.

17.     These remarks were broadcast to a large radio listening audience in the state where Murphy resides and from which he has conducted his professional photography business for many years.  The potential number of listeners to this show, which likely was aired simultaneously in New Jersey on one or more sister stations owned by Millennium, was in the millions.  Upon information and belief, one or more Millennium employees at the station or corporate level had the authority and responsibility to supervise the content of Carton and Rossi's afternoon talk show during that time and were aware that Carton and Rossi were well known for regularly making controversial

6

and demeaning comments on their broadcasts. The net effect of the false, defamatory statements they made about Murphy was to subject him to contempt, hatred and ridicule, and to injure his reputation in his business community.

18. Plaintiff's counsel contacted WKXW after the broadcast and requested that Defendants cease and desist from further defamation of Murphy and preserve and make available any and all recordings or other record of the defamatory broadcast. Millennium's station manager denied any such recording or records existed.

19. To this day, Defendants have never sought permission from Murphy for their unauthorized uses of the photograph and have not retracted, apologized for, or otherwise attempted to mitigate any of the defamatory statements made about Murphy.

## COUNT I
### (COPYRIGHT INFRINGEMENT AGAINST MILLENNIUM)

20. Plaintiff repeats and realleges paragraphs 1 through 19 of this complaint with the same force and effect as if set forth in full above.

21. The foregoing unauthorized acts of copying, displaying, and distributing altered copies of the photograph by employees of Millennium constitute infringements of Plaintiff's copyrights in the photograph, in violation of 17 U.S.C. § 501 *et. seq.*

22. Plaintiff suffered damages as a result of Millennium's unauthorized uses of the photograph.

## COUNT II
### (COPYRIGHT INFRINGEMENT AGAINST CARTON)

23. Plaintiff repeats and realleges paragraphs 1 through 22 of this complaint with the same force and effect as if set forth in full above.

24. The foregoing unauthorized acts of copying, displaying and utilizing altered copies of the photograph by Defendant Carton constitute infringements of Plaintiff's copyrights in the photograph, in violation of 17 U.S.C. § 501 *et. seq.*

25. Plaintiff suffered damages as a result of Carton's unauthorized uses of the photograph.

## COUNT III
### (COPYRIGHT INFRINGEMENT AGAINST ROSSI)

26. Plaintiff repeats and realleges paragraphs 1 through 25 of this complaint with the same force and effect as if set forth in full above.

27. The foregoing unauthorized acts of copying, displaying and utilizing altered copies of the photograph by Defendant Rossi constitute infringements of Plaintiff's copyrights in the photograph, in violation of 17 U.S.C. § 501 *et. seq.*

28. Plaintiff suffered damages as a result of Rossi's unauthorized uses of the photograph.

## COUNT IV
### (VICARIOUS COPYRIGHT INFRINGEMENT AGAINST MILLENNIUM)

29. Plaintiff repeats and realleges paragraphs 1 through 28 of this complaint with the same force and effect as if set forth in full above.

30. The foregoing unauthorized acts of copying, displaying and utilizing altered copies of the photograph by Defendants Carton and Rossi and other employees of Millennium, committed within the scope of their employment with Millennium, constitute infringements of Plaintiff's copyrights in the photograph, in violation of 17 U.S.C. § 501 *et. seq.*, for which Millennium is vicariously liable under the principles of *respondeat superior.*

31. Plaintiff suffered damages as a result of the unauthorized uses of the photograph by Millennium's employees, including, but not limited to, Carton and Rossi.

## COUNT V
### (CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST CARTON)

32. Plaintiff repeats and realleges paragraphs 1 through 31 of this complaint with the same force and effect as if set forth in full above.

33. The foregoing acts of Defendant Carton, namely, inviting, and facilitating listeners and viewers of the WKXW to "photoshop" the photograph by downloading, altering, and resubmitting the photograph for inclusion in an unauthorized derivative work on its website, caused the viewers to unwittingly commit copyright infringement, in violation of 17 U.S.C. § 501, *et. seq.*

34. Carton is liable for contributory infringement, having knowingly acted to induce, cause or materially contribute to the infringing activities of the website viewers described above.

35. Plaintiff suffered damages as a result of the contributory infringement of Carton.

## COUNT VI
### (CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST ROSSI)

36. Plaintiff repeats and realleges paragraphs 1 through 35 of this complaint with the same force and effect as if set forth in full above.

37. The foregoing acts of Defendant Rossi, namely, inviting and facilitating viewers of the WKXW website to "photoshop" the photograph by downloading, altering and resubmitting the photograph for inclusion in an unauthorized derivative work on the website, caused the viewers to unwittingly commit copyright infringement, in violation of 17 U.S.C. § 501, *et. seq.*

38. Rossi is liable for contributory infringement, having knowingly acted to induce, cause or materially contribute to the infringing activities of the website viewers described above.

39. Plaintiff suffered damages as a result of the contributory infringement of Rossi.

## COUNT VII
### (CONTRIBUTORY COPYRIGHT INFRINGEMENT AGAINST MILLENNIUM)

40. Plaintiff repeats and realleges paragraphs 1 through 39 of this complaint with the same force and effect as if set forth in full above.

41. The foregoing acts of Defendants Carton and Rossi and other Millennium employees, namely, "photoshopping" the photograph on the WKXW website and inviting and facilitating viewers of the website to download, alter and resubmit the photograph for display in an unauthorized derivative work on the website, caused the WKXW viewers to unwittingly commit copyright infringement, in violation of 17 U.S.C. § 501, *et. seq.*

42. Millennium is liable for contributory infringement, having acted with actual or constructive knowledge in inducing, causing or materially contributing to the infringing activities of the website viewers described above.

43. Plaintiff suffered damages as a result of the contributory infringement of Millennium.

## COUNT VIII
### (VICARIOUS COPYRIGHT INFRINGEMENT AGAINST MILLENNIUM)

44. Plaintiff repeats and realleges paragraphs 1 through 43 of this complaint with the same force and effect as if set forth in full above.

45. The foregoing acts of Defendants Carton and Rossi and other Millennium employees, committed within the scope of their employment with Millennium, namely,

"photoshopping" the photograph on the WKXW website and inviting and facilitating viewers of the website to download, alter and resubmit the photograph for display in an unauthorized derivative work on the website, caused the WKXW viewers to unwittingly commit copyright infringement, in violation of 17 U.S.C. § 501, *et. seq.* Millennium is vicariously liable under the principles of *respondeat superior* for these actions of its employees.

46.     Plaintiff suffered damages as a result of the unauthorized uses of the photograph by Millennium's employees, including, but not limited to, Carton and Rossi.

## COUNT IX
## (VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT AGAINST MILLENNIUM)

47.     Plaintiff repeats and realleges paragraphs 1 through 46 of this complaint with the same force and effect as if set forth in full above.

48.     The foregoing acts of Defendants Carton and Rossi and other employees of Millennium involving the unauthorized, intentional removal of copyright management information from the photograph prior to displaying it on the WKXW and myspacetv.com websites, and distribution of it in such condition to viewers of the WKXW website for photoshopping, knowing or having reasonable grounds to know that such actions would induce, enable, facilitate or conceal a copyright infringement, constitute one or more violations of the DMCA, 17 U.S.C. § 1201 *et. seq.*

49.     Plaintiff suffered damages as a result of Millennium employees' unauthorized removal of copyright management information from, and subsequent distribution of, the photograph.

## COUNT X
## (VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT AGAINST CARTON)

50. Plaintiff repeats and realleges paragraphs 1 through 49 of this complaint with the same force and effect as if set forth in full above.

51. The foregoing acts of Defendant Carton involving the unauthorized, intentional removal of copyright management information from the photograph prior to displaying it on the WKXW and myspacetv.com websites, and distribution of it in such condition to viewers of the WKXW website for photoshopping, knowing or having reasonable grounds to know that such actions would induce, enable, facilitate or conceal a copyright infringement, constitute one or more violations of the DMCA, 17 U.S.C. § 1201 *et. seq.*

52. Plaintiff suffered damages as a result of Carton's unauthorized removal of copyright management information from, and subsequent distribution of, the photograph.

## COUNT XI
## (VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT AGAINST ROSSI)

53. Plaintiff repeats and realleges paragraphs 1 through 52 of this complaint with the same force and effect as if set forth in full above.

54. The foregoing acts of Defendant Rossi involving the unauthorized, intentional removal of copyright management information from the photograph prior to displaying it on the WKXW and myspacetv.com websites, and distribution of it in such condition to viewers of the WKXW website for photoshopping, knowing or having reasonable grounds to know that such actions would induce, enable, facilitate or conceal a copyright infringement, constitute one or more violations of the DMCA, 17 U.S.C. § 1201 *et. seq.*

55. Plaintiff suffered damages as a result of Rossi's unauthorized removal of copyright management information from, and subsequent distribution of, the photograph.

## COUNT XII
### (VICARIOUS INFRINGEMENT OF THE DIGITAL MILLENNIUM COPYRIGHT ACT AGAINST MILLENNIUM)

56. Plaintiff repeats and realleges paragraphs 1 through 55 of this complaint with the same force and effect as if set forth in full above.

57. The foregoing acts of Defendants Carton and Rossi and other Millennium employees, committed within the scope of their employment with Millennium, namely, intentionally and without authorization removing the copyright management information from the photograph prior to displaying it on the WKXW and myspacetv.com websites, and distributing the photograph in such condition to viewers of the WKXW website for "photoshopping", knowing or having reasonable grounds to know that such actions would induce, enable, facilitate or conceal a copyright infringement, constitute one or more violations of the DMCA, 17 U.S.C. § 1201 *et. seq.*  Millennium is vicariously liable under the principles of *respondeat superior* for these actions of its employees.

58. Plaintiff suffered damages as a result of these unauthorized actions undertaken by Millennium's employees, including, but not limited to, Carton and Rossi.

## COUNT XIII
### (DEFAMATION OF CHARACTER AGAINST CARTON)

59. Plaintiff repeats and realleges paragraphs 1 through 58 of this complaint with the same force and effect as if set forth in full above.

60. The foregoing acts of Defendant Carton, involving on-air statements heard by listeners, falsely impugning Plaintiff's motives and principles in the conduct of his business, trade or profession, were slander *per se.*  The statements were malicious, false,

and made by Carton knowing they were false, or in reckless disregard for the truth, without first seeking to ascertain the truth or falsity of the statements. As slander *per se* it is presumed that the statements caused injury or harm to Plaintiff's business reputation and character in violation of the common law of New Jersey.

61. Plaintiff suffered damages as a result of the defamatory statements made by Carton.

## COUNT XIV
## (DEFAMATION OF CHARACTER AGAINST ROSSI)

62. Plaintiff repeats and realleges paragraphs 1 through 61 of this complaint with the same force and effect as if set forth in full above.

63. The foregoing acts of Defendant Rossi, involving on-air statements heard by listeners, falsely impugning Plaintiff's motives and principles in the conduct of his business, trade or profession, were slander *per se*. The statements were malicious, false, and made by Rossi knowing they were false, or made with a reckless disregard for the truth, without first seeking to ascertain the truth or falsity of the statements. As slander *per se* it is presumed that the statements caused injury or harm to Plaintiff's business reputation, and character in violation of the common law of New Jersey.

64. Plaintiff suffered damages as a result of the defamatory statements made by Rossi.

## COUNT XV
## (DEFAMATION OF CHARACTER AGAINST MILLENNIUM)

65. Plaintiff repeats and realleges paragraphs 1 through 64 of this complaint with the same force and effect as if set forth in full above.

66.     The foregoing acts of Defendants Carton and Rossi, committed within the scope of their employment with Millennium, involving on-air statements heard by listeners, falsely impugning Plaintiff's motives and principles in the conduct of his business, trade or profession, were slander *per se*.  The statements were malicious, false, and made by Carton and Rossi knowing they were false, or in reckless disregard for the truth, without Carton and Rossi first seeking to ascertain truth or falsity of the statements.  As slander *per se* it is presumed that the statements caused injury or harm to Plaintiff's business reputation and character in violation of the common law of New Jersey.  Millennium is vicariously liable for those statements made by its employees Carton and Rossi, under principles of *respondeat superior.*

67.     Plaintiff suffered damages as a result of the defamatory statements made by Carton and Rossi in the scope of their employment with Millennium.

**WHEREFORE**, Plaintiff requests the following:

1.      An injunction against Defendants and anyone working in concert with them from copying, displaying, distributing, advertising, promoting, selling or offering to sell the photograph or copies thereof, or creating, obtaining and using a substantially similar photograph in any of the preceding ways and to deliver to the Court for destruction or other appropriate disposition of all materials, including digital files representing the photograph described in this complaint, in the control or possession of Defendants.

2.      Actual damages and all profits derived from the unauthorized use of the photograph pursuant to 17 U.S.C. § 504(b) and 17 U.S.C. § 1203(c).

3.      Statutory damages for violation of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c).

4. Reasonable attorney's fees, court costs, expert witness fees, interest and all other amounts authorized under applicable state or federal law.

5. Compensatory, special and punitive damages against all Defendants for defamation of Plaintiff under New Jersey law.

6. For such other and further relief as the Court deems just and proper.

Dated:  April 7, 2008

                Plaintiff Peter Murphy by his attorney,

                s/<u>Lynda Diane Baydin</u>
                Law Office of Lynda Diane Baydin
                7 Cedar Hill Drive
                Morristown, NJ  07960
                Telephone: (973) 267-7758
                Facsimile: (973) 267-8994
                E-mail: LGLLDY@aol.com

                Maurice Harmon
                Harmon & Seidman LLC
                The Pennsville School
                533 Walnut Drive
                Northampton, PA 18067
                Telephone (610) 262-9288
                *Of Counsel*

**JURY TRIAL OF ALL ISSUES DEMANDED**