**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PETER MURPHY, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 08-1743 (MAS) (TJB) |
| MILLENNIUM RADIO GROUP LLC, CRAIG CARTON and RAY ROSSI, | : | **MEMORANDUM OPINION** |
| Defendants. | : | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendants' Partial Motion for Summary Judgment ("Defendants' Motion"). (ECF No. 81.) Rather than filing substantive opposition, Plaintiff Peter Murphy ("Plaintiff") filed a Motion pursuant to Federal Rule of Civil Procedure ("Rule") 56(d). (ECF No. 84.) Defendants filed Opposition to Plaintiff's Motion. (ECF No. 86.) Plaintiff filed a Reply. (ECF No. 87.) The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Rule 78. For the reasons stated below, and for other good cause shown, Plaintiff's Motion is GRANTED in part and DENIED in part. Defendants' Motion is administratively terminated in lieu of the discovery ordered below.

**I.   Background**

Plaintiff's Complaint contains three broad categories of claims: "(a) copyright infringement, pursuant to 17 U.S.C. § 501 (Counts I-VIII of the Complaint); (b) violations of the Digital Millennium Copyright Act ("DMCA"), pursuant to 17 U.S.C. § 1202 (Counts IX-XII)

and (c) defamation of character, under New Jersey common law (Counts XIII-XV)." (Boyd Decl., ¶ 17, ECF No. 84-2.)

This matter has a lengthy history, including an appellate review by the Third Circuit. *See Murphy v. Millennium Radio Group LLC*, 650 F.3d 295 (3d Cir. 2011). The Third Circuit made three determinations: 1) Plaintiff's Digital Millennium Copyright Act ("DMCA") claim pursuant to 17 U.S.C. § 1202(b) could proceed; 2) the posting of an unaltered image owned and produced by Plaintiff on Defendants' website was not fair use; and 3) Plaintiff was entitled to "adequate discovery" regarding his defamation claims. No further recitation of the procedural and substantive history is required to adjudicate Plaintiff's Motion. The issue before the Court is a rather limited one.

Defendants, following remand from the Third Circuit, filed a Motion for Partial Summary Judgment ("Defendants' Motion") on December 14, 2012. As noted in the preamble, rather than file substantive opposition, Plaintiff sought a continuance of Defendants' Motion pursuant to Rule 56(d) alleging that further discovery is required in order to oppose Defendants' Motion.

## II. Legal Standard

Rule 56 outlines the standard for summary judgment. Summary judgment is appropriate if the record shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court considers the facts drawn from the "materials in the record, including depositions, documents, electronically stored information, affidavits . . . or other materials" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c)(1)(A); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted). The Court must determine "whether the evidence presents a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251-52 (1986). More precisely, summary judgment should only be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248-49. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247-48.

Rule 56(d) states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Properly supported Rule 56(d) motions are granted "as a matter of course." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007) (citing *St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1314 (3d Cir. 1994)) (both cases refer to the previous codification of Rule 56(d) at Rule 56(f)). "This is particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party." *Id.* (citations omitted). Stated differently, "[i]f discovery is incomplete in any way material to a pending summary judgment motion, a district court is justified in not granting the motion [for summary judgment]." *Id.* (citing *Miller v. Beneficial Mgmt. Corp.*, 977 F.2d 834, 845-46 (3d Cir. 1992)).

The Third Circuit has "interpreted this provision to require 'a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'" *Penn. Dep't of Pub. Welfare v. Sebelius*, 674 F.3d 139, 157 (3d Cir. 2012) (alteration in original) (citing *Dowling v.*

*Philadelphia*, 855 F.2d 136, 139-40 (3d Cir. 1988)). Failure to submit the required affidavit is fatal to a Rule 56(d) motion. *Id.*

### III. Analysis

Defendants' Motion seeks summary judgment on the DMCA claims and regarding an issue of damages related to the defamation claims. In order to determine if Rule 56(d) precludes disposition of those claims, an analysis of the basis under which Defendants have moved (and whether further discovery would alter any adjudication of that analysis) must be conducted.

#### A. Plaintiff's DMCA Claims

Generally, Defendants contend that 1) the uncontested facts preclude a finding that they had the requisite intent required by 17 U.S.C. § 1202, and 2) that the doctrine of fair use "as to the 26 listener-altered images precludes any § 1202 claim." (Defs.' Opp'n 7.) Defendants contend that these are purely legal questions. (*Id.*) Plaintiff argues that he has submitted a properly supported Rule 56(d) affidavit and that further discovery is required as to the factual bases underlying Defendants' arguments. According to Plaintiff, the required discovery includes five depositions and a forensic audit of the two computers utilized by the webmasters employed by Defendants at the time of the underlying events. (Boyd Decl., ¶¶ 30-31.)

##### 1) Intent and 17 U.S.C. § 1202(b)

Defendants state that "Plaintiff faces an insurmountable barrier to proving the kind of knowing misconduct required to support his claim that Defendants violated the DMCA by either removing [copyright management information ("CMI")] (§ 1202(b)(1)) or distributing any copy of Plaintiff's work knowing that CMI had been removed (§ 1202(b)(3))." (Defs.' Mot. 8.) According to Defendants, § 1202(b) requires a strong showing of intent. (*Id.*) Section 1202(b) states:

No person shall, without the authority of the copyright owner or the law—

> (1) intentionally remove or alter any copyright management information,
>
> (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
>
> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,

knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

As correctly noted by Plaintiff, in order to be liable under § 1202(b), a defendant must know, or have reason to know, that his actions "will induce, enable, facilitate, or conceal an infringement of any right" granted under United States copyright law. 17 U.S.C. § 1202(b).

Defendants frame the issue in this manner:

> Thus, to establish liability under (b)(1), Plaintiff must prove not only that Defendants *intentionally* removed CMI without authorization but *also* that they did so having in mind that their action would induce, enable[,] facilitate or conceal an infringement. To establish liability under (b)(3), Plaintiff has an even higher burden. He must prove that a violator distributed a copyright owner's work *knowing* that CMI has been removed without authority and *having reasonable grounds to know* that such action *will* induce, enable or conceal an infringement. In other words, under either provision, Defendants must essentially have been contemplating the fraudulent act of taking one person's work and presenting it in a manner that would persuade others to infringe the work.

(Defs.' Mot. 9.)

Speaking further to § 1202(b)(3), Defendants contend that the undisputed fact that they never presented the Plaintiff's image as their own and identified the source (although not the copyright holder) as New Jersey Monthly Magazine, "defeats any possible argument that

5

[Defendants] posted the photograph knowing that any CMI had been removed or having reason to know that posting it would induce infringement." (*Id.* at 10.) The Court disagrees.

Plaintiff argues, and the Court agrees, that the discovery it seeks, namely depositions of WKXW's Station Manager Eric Johnson and two webmasters, may impact the "intent" analysis under § 1202(b). The Court agrees with Plaintiff that "Defendants' discovery responses do not explain the circumstances of Defendants' scanning of the photograph, or their subsequent uses and removal of the magazine credit, [and] Plaintiff does not possess the necessary information to demonstrate this dispute in his response to" Defendants' Motion. (Pl.'s Br. 15.) As such, the question of intent vis-à-vis § 1202(b)(1) cannot be determined by the Court. As such, further discovery shall be conducted.

Plaintiff is GRANTED the right to depose WKXW's Station Manager Eric Johnson, as well as WKXW's webmasters Tom Stark and Jose Valentin. Depositions of those indivuals shall be limited to issues related to Plaintiff's DMCA claim. Furthermore, as requested by Plaintiff in paragraph 31 of the Declaration of Autumn Witt Boyd, Defendant shall "engage a forensics expert to examine the laptop of the two webmasters [used] during the relevant time periods in 2006-2007 for any electronically stored information relating to the scanning and uploading of Murphy's photograph to the Station website, as well as the solicitation, receipt, and uploads of listener-altered versions of Murphy's photograph." If the laptops are no longer available for examination, Defendants shall submit a certification to the Court outlining, to the best of their ability, what occurred to the laptops since July 2012, when Defendants allegedly agreed to engage a forensics expert to examine the laptops. (*See* Boyd Decl. ¶ 31.)

### B.  Plaintiff's Defamation Claim

As an initial matter, the opinion of the Third Circuit in this case seemingly determines resolution of this question. *See Murphy*, 650 F.3d at 310 ("[W]ith respect to the defamation claims, the District Court's decision is vacated and remanded to permit Murphy to conduct adequate discovery."). Defendants, however, contend that "the Third Circuit Opinion language relating to discovery on the defamation claim [was] discussed in the context of Defendants' argument *in [their] previous Summary Judgment motion* relating to the words spoken, namely whether they were rhetorical hyperbole and whether implying someone is homosexual is defamatory." (Defs.' Opp'n 31.) Defendants argue that their *current* Partial Motion for Summary Judgment solely "relates to Plaintiff's failure to establish actual damages, and, thus, his lack of entitlement to compensatory or punitive damages." (*Id.*) As such, Defendants' argue, discovery regarding Carton and Rossi's alleged statements are not required for purposes of resolving Defendants' Motion. (*Id.*) The Court agrees.

Plaintiff's defamation claims arise from two allegations: 1) that Plaintiff is not the type of person one would want to do business with and that he is prone to sue his business associates, and 2) that Defendants Rossi and Carton allegedly inferred Plaintiff was homosexual. Regarding the former, which the Court and the Parties agree would qualify as slander *per se*, Plaintiff is limited to nominal damages unless he can proffer evidence of actual damages. *See W.J.A. v. D.A.*, 210 N.J. 229, 233 (2012). Regarding the alleged inference that Plaintiff is homosexual, Defendant contends that Plaintiff cannot obtain presumed damages because allegations of homosexuality do not constitute slander *per se*, and therefore, actual damages are required. (Defs.' Opp'n 18 n.2.)

7

Those positions, contrary to Plaintiff's arguments otherwise, do not require Plaintiff to obtain additional discovery *from Defendants*. The critical issue raised in Defendants' Motion revolves around damages and damages only. Additional discovery, especially in the sense sought by Plaintiff, *e.g.* deposition of Rossi and Carton regarding the actual content of their statements, especially as to the alleged inference of homosexuality, are not implicated in Defendants' Motion. As such, Plaintiff is denied any further discovery *from* Defendants regarding the content of the statements made by Rossi and/or Carton. Plaintiff has indicated that he is currently investigating "actual damages he suffered from Defendants' [alleged] defamatory statements." (Pl.'s Reply 15.) That investigation shall continue while the discovery regarding Plaintiff's DMCA claim occurs.

### IV. Conclusion

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Plaintiff's Motion is GRANTED in part and DENIED in part. Defendants' Motion is ADMINISTRATIVELY TERMINATED. Upon completion of the discovery ordered above, Defendant may refile its Partial Motion for Summary Judgment or any other appropriate dispositive motion. The depositions ordered above shall be completed no later than **September 30, 2013**. The forensic expert report ordered above shall be provided to Plaintiff by **October 15, 2013**. An Order consistent with this Opinion will be entered.

Dated: June 14, 2013

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE